**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

AIG PROPERTY CASUALTY COMPANY
As subrogee of ANGELO FRAGGOS,

    Plaintiff,

v.

A.O. SMITH CORPORATION,

    Defendant.

Civil Action No. 16-8930 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant A.O. Smith Corporation's ("Defendant") Motion for Summary Judgment and to Exclude the Expert Report and Testimony of Michial Jacob. (ECF No. 15). Plaintiff AIG Property Casualty Company ("Plaintiff") filed opposition (ECF No. 17) and Defendant replied (ECF No. 19). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is denied.

**I.    Background**

    This matter stems from water damage to the home of Plaintiff's policy holder. Plaintiff insured the real and personal property of Angelo Fraggos ("Fraggos"). (Compl. ¶ 2, ECF No. 1.) On May 7, 2016, Fraggos's hot water heater, which was manufactured by Defendant, failed and caused a significant amount of water damage to Fraggos's property. (*Id.* ¶¶ 8-10.) Fraggos submitted a claim for damages to Plaintiff and Plaintiff paid $183,172.75 to Fraggos. (*Id.* ¶ 13.) Pursuant to the terms of the policy, Plaintiff "would become subrogated to [Fraggos'] rights and

remedies, to the extent of the payments made, in the event it paid a loss caused by the actions of a third party." (*Id.* ¶ 3.)

Subsequently, Plaintiff retained Michial Jacob ("Jacob") to examine the water heater and to determine the cause of the water leak. (Pl.'s Opp'n Br. 3, ECF No. 17.) Jacob, after conducting non-destructive and destructive testing on the water heater, concluded that the water heater tank failed as a result of a defect in the glass liner. (*Id.* at 4.) Jacob concluded that localized failure in the glass liner permitted the tank to corrode and rust, and that the defect existed while the water tank was still in Defendant's control. (*Id.*) Finally, Jacob concluded that if the glass coating had been properly applied to the inside of the water heater during the manufacturing process, the water heater would not have corroded, and the ensuing water loss would not have occurred. (*Id.* at 4-5.)

Based on Jacob's report, Plaintiff filed a complaint on December 1, 2016, asserting a strict products liability claim against Defendant. (Compl. ¶ 19.) Plaintiff alleged that the water heater was defective when it was in Defendant's possession, and that the defective design of the water heater "made it prone to failure during ordinary and foreseeable use." (*Id.* ¶ 23.) Defendant now moves to exclude Jacob's report and testimony and argues that once the expert report is excluded, there is no dispute of material fact and Defendant is, therefore, entitled to summary judgment. (Def.'s Moving Br. 5. ECF No. 15-3.)

## II. Legal Standard

Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of testimony by an expert witness. Pursuant to Rule 702, a witness who qualifies as an expert may provide testimony if: (i) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact"; (ii) "the testimony is based on sufficient facts or data"; (iii) the testimony is the product of reliable principles and methods"; and (iv) "the expert has reliably applied the principles and methods to

2

the facts of the case." Fed. R. Evid. 702. Essentially, Rule 702 embodies three requirements and the district court is the "gatekeeper," preventing admissibility of "opinion testimony that does not meet the requirements of qualification, reliability[,] and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citation omitted).

The party offering the expert testimony bears the burden of establishing the existence of each factor by a preponderance of the evidence. *See In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999), *amended by* 199 F.3d 158 (3d Cir. 2000). This "requires the court to 'examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used.'" *Dzielak v. Whirlpool Corp.*, 2017 U.S. Dist. LEXIS 39232, at *8 (D.N.J. Mar. 17, 2017) (quoting *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999)). Rule 702, however, "has a liberal policy of admissibility." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citation omitted). "If the expert meets [these] liberal minimum qualifications, then the level of the expert's expertise goes to credibility and weight, not admissibility." *Id.* at 809.

### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Thereafter, the nonmoving party creates a genuine dispute of

material fact if sufficient evidence is provided to allow a jury to find for it at trial. *Gleason v. Norwest Mort., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

### III. Discussion

#### A. Exclusion of Jacob's Report and Testimony

##### 1. Qualification

"Qualification refers to the requirement that the witness possess specialized expertise." *Schneider*, 320 F.3d at 404. It is interpreted broadly; a wide variety of "knowledge, skills and training qualify an expert." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). Defendant argues that Jacob is not qualified to testify regarding the design or manufacturing of the water heater because "he has no experience in designing or manufacturing water heaters, has never been deposed, and has never been qualified as an expert witness in any court in the United States." (Def.'s Moving Br. 21.) In addition, Defendant claims that Jacob "has never written any articles or other publications regarding water heater design or manufacturing, or even addressing water heater leaks." (*Id.*) Finally, Defendant alleges that Jacob "has no human factors training or education, and does not consider himself to be a warnings expert." (*Id.*)

In opposition, Plaintiff argues that Jacob is qualified to offer an opinion. (Pl.'s Opp'n Br. 11.) Plaintiff asserts that Jacob is a licensed professional engineer and has worked in engineering for over 10 years. (*Id.*) In addition, Jacob has worked in facilities that design, research, develop and manufacture mechanical components, as he was employed at Honda R&D, Allison Transmission, Donan Engineering, and Veritas Engineering Laboratories. (*Id.*) At Donan Engineering, Jacob performed failure analyses on products that leaked water, including water heaters and other appliances. (*Id.* at 12.)

4

Here, the Court finds that Jacob is sufficiently qualified. Jacob's education, training, knowledge, and experience regarding the basic principles of engineering and the ability to conduct failure analyses on products involving water loss satisfies the threshold requirement. In addition, Jacob's experience as an engineer, specifically in performing failure analyses on products that leaked water—including water heaters—evidences qualification. Jacob, therefore, is sufficiently qualified as an expert witness.

2. Reliability

To be reliable, "the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; [and] the expert must have 'good grounds' for his or her belief." *In re Paoli*, 35 F.3d at 742 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). "The inquiry envisioned by Rule 702 is . . . a flexible one." *Daubert*, 509 U.S. at 594. In evaluating technical testimony, indicia of reliability can include the expert's identification and discussion of design and performance standards, support in relevant literature, discussion of industry practice, review of previous product design and accident history, use of charts or diagrams to explain conclusions for the trier of fact, and support with scientific testing. *See Milanowicz v. Raymond Corp.*, 148 F. Supp. 2d 525, 532-35 (D.N.J. 2001).

Defendant argues that Jacob's report is unreliable because Jacob cannot say whether the defect was due to a design or a manufacturing defect. (Def.'s Moving Br. 30.) Plaintiff responds that Jacob's opinion was supported by his two examinations of the water heater, his review of over 1,700 pages of technical documents produced in discovery, and his elimination of other potential causes of the defect. (Pl.'s Opp'n Br. 21-22.) According to Plaintiff, Jacob arrived at his conclusion that there was a defect in the glass lining of the water heater by using scientific methods

5

and standard forensic engineering principles set forth by ATSM International standards. (*Id.* at 22.)

The Court, therefore, finds that Jacob's opinions are sufficiently grounded in reliable methodology, rather than subjective belief or unsupported speculation, and Jacob's opinion meets the requirements for reliability.

3. <u>Fit</u>

Finally, the expert's opinion must "fit the issues in the case," which means that it must be relevant for the purposes of the case and assist the trier of fact. *Schneider*, 320 F.3d at 404. "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92. Here, the Court again finds that Jacob's testimony is sufficiently relevant that it fits the case.

The Court, therefore, finds that Jacob meets the liberal minimum requirements to offer an expert opinion. As such, the Court denies Defendant's request to exclude his testimony.[1]

**B. Summary Judgment**

Defendant's motion for summary judgment rests on the presumption that Jacob's testimony must be excluded. As the Court finds Plaintiff's witness sufficiently qualified as an expert witness, there is clearly a genuine dispute of material fact. The Court, therefore, finds that Defendant has not carried its burden of proving the absence of a genuine dispute of material fact, and Defendant's motion for summary judgment is denied.

---

[1] The Court notes that this decision does not preclude Defendant from raising other objections to the testimony at the *in limine* stage of the proceedings.

6

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment and to Exclude the Expert Report and Testimony of Michial Jacob is denied. An Order consistent with this Memorandum Opinion will be entered.

Dated: August 30th, 2018

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**